

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-22-00366-CV

**IN RE** Gabriel **ESTRADA**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:    Luz Elena D. Chapa, Justice
Irene Rios, Justice
Beth Watkins, Justice

Delivered and Filed: August 10, 2022

PETITION FOR WRIT OF MANDAMUS DENIED

On June 21, 2022, relator filed a petition for writ of mandamus. Mandamus is an extraordinary remedy, available only when the relator can show (1) the trial court clearly abused its discretion or violated a duty imposed by law; and (2) there is no adequate remedy by way of appeal. *See Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). As the Texas Supreme Court recently recognized, mandamus is not meant for grievances that may be addressed by other remedies. *See Elec. Reliability Council of Tex., Inc. v. Panda Power Generation Infrastructure Fund, LLC*, 619 S.W.3d 628, 641 (Tex. 2021). This court has reviewed orders granting pleas to the jurisdiction under Texas Family Code section 102.003(a)(9) on direct appeal. *See, e.g., In re Guardianship of C.E.M.-K.*, 341 S.W.3d 68, 78 (Tex. App.—San Antonio 2011,

---

[1] This proceeding arises out of Cause No. 2007-CI-07900, styled *In the Interest of J.N.M., a Child*, pending in the 288th Judicial District Court, Bexar County, Texas, the Honorable Cynthia Marie Chapa presiding.

pet.) (concluding former step-father had standing to file SAPCR); *see also Y.B.*, 300 S.W.3d 1, 3 (Tex. App.—San Antonio 2009, pet. denied). However, because relator has not shown he has no adequate remedy by direct appeal, we conclude relator is not entitled to the relief sought. Accordingly, the petition for writ of mandamus is denied.[2] *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

---

[2] On June 24, 2022, this court issued an order denying relator's petition for writ of mandamus.